PAUL B. SNYDER
Chief United States Bankruptcy Judge
1717 Pacific Ave, Suite 2209
Tacoma, WA 98402

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| In re: | Case No. 10-48287 |
|---|---|
| BRIAN EUGENE JOHNSON<br>TONI PALZER-JOHNSON,<br><br>Debtors. | MEMORANDUM DECISION<br><br>NOT FOR PUBLICATION |

THIS MATTER came before the Court on April 18, 2011, on an Objection to Exemption filed by the Chapter 7 Trustee (Trustee). At the conclusion of the hearing, the Court took the matter under advisement. This Memorandum Decision shall constitute Findings of Fact and Conclusions of Law as required by Fed. R. Bankr. P. 7052.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The facts in this case are undisputed. Brian and Toni Johnson (Debtors) filed a voluntary Chapter 7 petition on October 6, 2010. In their amended Schedule B filed December 1, 2010, the Debtors list Individual Retirement Account (IRA) #7822, with a value of $27,319.04, and IRA/Annuity Account #7171, with a value of $30,411.46. On Schedule C, the Debtors claim the full value of both accounts exempt pursuant to 11 U.S.C. § 522(d)(12).[1]

Brian Johnson (Debtor) acquired the funds in Account #7822 as a beneficiary of his mother's IRA. Following her death, the retirement funds were transferred via a trustee-to-trustee transfer to an account the Debtor established on August 7, 2003, with the New York Life Insurance and Annuity Corporation (NYL). The Debtor elected distributions over his life expectancy and has been receiving distributions since 2003.

---

[1] Unless otherwise indicated, all "Code," Chapter and Section references are to the Federal Bankruptcy Code, 11 U.S.C. §§ 101-1532, as amended by BAPCPA, Pub. L. 109-8, 119 Stat. 23, as this case was filed after October 17, 2005, the effective date of most BAPCPA provisions.

MEMORANDUM DECISION - 1

The Debtor acquired the funds in Account #7171 as a beneficiary of his father's IRA. Following his father's death, the retirement funds were transferred via a trustee-to-trustee transfer to an account the Debtor established with NYL on February 7, 2007. The Debtor elected distributions over his life expectancy and has been receiving distributions since 2007.

As the Debtor acquired the transferred retirement funds as a non-spouse beneficiary, both Account #7822 and Account #7171 are classified by the Debtor as inherited Individual Retirement Accounts (collectively referred to herein as "Inherited IRAs"). On December 29, 2010, the Trustee objected to the Debtors' claim of exemption in the Inherited IRAs arguing that they are not exempt under § 522(d)(12).

Exemptions are to be liberally construed in favor of the debtor who claims the exemption. In re Arrol, 170 F.3d 934, 937 (9th Cir. 1999). A claim of exemptions is presumed valid and the party objecting to the exemptions has the burden of proving that the exemptions are not properly claimed. Fed. R. Bankr. P. 4003(c).

The Debtors in this case elected the federal exemptions and assert that the Inherited IRAs are exempt under § 522(d)(12). This section provides that the following property may be exempted under § 522(b)(2): "[r]etirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." This section was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) to "expand the protection for tax-favored retirement plans or arrangements that may not be already protected under Bankruptcy Code section 541(c)(2) pursuant to Patterson v. Shumate, or other state or Federal law." H.R. Rep. No. 109-31(I), at 63-64 (2005), reprinted in 2005 WL 832198, 2005 U.S.C.C.A.N. 88 (footnote omitted). Section 522(b)(3)(C), which is equivalent to § 522(d)(12), was added to provide debtors in opt-out states the same retirement protections provided to debtors who are able to select the federal exemptions.

Thus, in order to be exempt under § 522(d)(12), the funds must meet two requirements: (1) the amount the debtor seeks to exempt must be retirement funds, and (2) those retirement funds must be in an account that is exempt from taxation under one of the designated provisions of the Internal Revenue Code (IRC) set forth therein. In re Nessa, 426 B.R. 312, 314 (8th Cir. BAP 2010).

The Court is not aware of any controlling appellate case law on this issue in the Ninth Circuit. The issue of whether a debtor has the ability to claim an exemption in an inherited IRA, however, is not novel. As indicated by the Trustee, there are multiple prior decisions in which courts have concluded that such funds do not qualify as exempt. This Court, however, notes that most of these decisions are distinguishable in that the courts in those cases were analyzing the ability to exempt inherited IRAs under state exemption statutes, not the Bankruptcy Code. See, e.g., In re Jarboe, 365 B.R. 717 (Bankr. S.D. Tex. 2007); In re Kirchen, 344 B.R. 908 (Bankr. E.D. Wis. 2006); In re Navarre, 332 B.R. 24 (Bankr. M.D. Ala. 2004); In re Greenfield, 289 B.R. 146 (Bankr. S.D. Cal. 2003); In re Sims, 241 B.R. 467 (Bankr. N.D. Okla. 1999); Robertson v. Deeb, 16 So.3d 936 (Fla. Dist. Ct. App. 2009). The courts in the above cases generally determined that an inherited IRA did not meet the requirements of a particular state exemption statute because the statute was either worded or interpreted to require, in order to be exempt, a retirement purpose or contributions by an owner of the account. The majority of these decisions were also rendered pre-BAPCPA and therefore prior to the enactment of either § 522(b)(3)(C) or § 522(d)(12).

Since the enactment of BAPCPA, however, in those cases in which courts have analyzed the ability to exempt inherited IRAs under either § 522(b)(3)(C) or § 522(d)(12), the clear trend appears to be to allow the exemption. See Nessa, 426 B.R. at 315; Chilton v. Moser (In re Chilton), 2011 WL 938310, at *3 (E.D. Tex. March 16, 2011); In re Mathusa, 2011 WL 1134680, at *2 (Bankr. M.D. Fla. March 28, 2011); In re Thiem, 443 B.R. 832, 847 (Bankr. D. Ariz. 2011); In re Weilhammer, 2010 WL 3431465, at *6 (Bankr. S.D. Cal. Aug 30, 2010); In re Tabor, 433 B.R. 469, 476 (Bankr. M.D. Pa. 2010); and In re Kuchta, 434 B.R. 837, 844 (Bankr. N.D. Ohio April 16 2010).

In the recent case of Chilton v. Moser, 2011 WL 938310 (E.D. Tex. March 16, 2011), the United States District Court for the Eastern District of Texas (U.S. District Court), reversed the bankruptcy court in In re Chilton, 426 B.R. 612 (Bankr. E.D. 2010), which had held that an inherited IRA was not exempt. The debtor in Chilton, similar to the Debtor in the case before this Court, was the account beneficiary on her mother's IRA. When her mother passed away, the debtor transferred the funds through a direct trustee-to-trustee transfer to an inherited IRA account. When the debtor filed bankruptcy, she claimed the property exempt under § 522(d)(12). Unable to find any published case law analyzing an exemption in an inherited IRA under § 522(d)(12), the Texas bankruptcy court concluded that the an inherited IRA was not equivalent to a traditional IRA for purposes of determining whether the account contains "retirement funds" and was not a traditional IRA exempt from taxation under 26 U.S.C. § 408(e)(1). The debtor subsequently appealed to the U.S. District Court.

The U.S. District Court in Chilton reviewed five decisions issued subsequent to the bankruptcy court's decision and noted that in all five cases an inherited IRA was found to be exempt under either § 522(d)(12) or § 522(b)(3)(C). See Nessa, 426 B.R. at 315; Thiem, 443 B.R. at 847; Weilhammer, 2010 WL 3431465 at *6; Tabor, 433 B.R. at 476; and Kuchta, 434 B.R. at 844. The U.S. District Court adopted the reasoning set forth by those courts and reversed the bankruptcy court.

Although this Court is aware of a few recent decisions that have reached the opposite conclusion, the Court is not persuaded by their analysis. For instance in In re Klipsch, 435 B.R. 586, 589 (Bankr. S.D. Ind. 2010), the bankruptcy court determined that a debtor could not claim an exemption in an inherited IRA under Indiana law. This decision, however, was correctly criticized by the court in Thiem for failing to conduct any analysis of the issue under § 522(b)(3)(C) or § 522(b)(4)(C). Thiem, 443 B.R. at 843. This Court agrees that such an analysis is necessary to properly evaluate this issue.

After a thorough review of all of the relevant case law, it appears that the prevailing view in those cases where the courts correctly analyzed the ability to claim an exemption in an inherited IRA

MEMORANDUM DECISION - 4

under either § 522(d)(12) or § (b)(3)(C) is to find the exemption valid. This Court agrees with that analysis and also finds the decisions by the 8th Circuit Bankruptcy Appellate Panel (BAP) in Nessa, the U.S. District Court for the Eastern District of Texas in Chilton, and the bankruptcy court in Thiem to be particularly persuasive.

Applying the two-prong analysis set forth above to the facts of this case, it is undisputed that both accounts of the Debtor's parents qualified as "individual retirement accounts" as that term is defined under 26 U.S.C. § 408(a), and were the parents' retirement funds prior to their death. As the Debtor was not the account owner's spouse, his interest in the IRAs is characterized as an inherited IRA. 26 U.S.C. § 408(d)(3)(C)(ii). Under the IRC, an inherited IRA may be transferred via a direct trustee-to-trustee transfer without any tax consequences. 26 U.S.C. § 408(d)(3). It is undisputed that the Debtor transferred the funds in both accounts via a direct trustee-to-trustee transfer. Thus, the only evidence before the Court is that the Debtor's interest in the funds is an inherited IRA that was transferred in compliance with the IRC.

The Trustee, however, argues that the Inherited IRAs do not constitute "retirement funds" because they do not contain any contributions from the Debtor. 11 U.S.C. § 522(d)(12), however, contains no such requirement. "Section 522(d)(12) requires that the account be comprised of retirement funds, but it does not specify that they must be the *debtor's* retirement funds." Nessa, 426 B.R. at 314. The plain language of a statute is determinative under federal law. Patterson v. Shumate, 504 U.S. 753, 757, 112 S. Ct. 2242, 2246 (1992). By its plain terms, all that the Bankruptcy Code requires is that the funds at issue be retirement funds. Even though the Inherited IRAs do not contain the Debtor's own retirement funds, they were originally deposited by his parents as retirement funds and retained their status as such when properly transferred to the Debtor's account in compliance with the IRC.

Secondly, in order to qualify for an exemption under § 522(d)(12), the funds must also be exempt from taxation under one of the designated sections of the IRC. This requirement is also met in

MEMORANDUM DECISION - 5

this case. The Inherited IRAs are exempt from taxation under 26 U.S.C. § 408. According to this section, "[a]ny individual retirement account is exempt from taxation." 26 U.S.C. § 408(e)(1). This Court agrees with the conclusion of other courts that have addressed this issue and determined that it is irrelevant whether traditional and inherited IRAs have different rules regarding distribution, use and the taxation of funds. The plain language of 26 U.S.C. § 408(e) provides that "any" individual retirement account is exempt from taxation. The statute does not distinguish between an inherited IRA and a traditional IRA. See Nessa, 426 B.R. at 315; Chilton, 2011 WL 938310, at *3; and Thiem, 443 B.R. at 845 (all holding that an inherited IRA is tax exempt under 26 U.S.C. § 408).

If the Debtor in this case had instead chosen to withdraw the funds from the Inherited IRAs, the distribution would have been taxable as income and thus not exempt. 26 U.S.C. § 408(d)(1). A beneficiary, however, is not required to withdraw the funds. The beneficiary may elect to transfer the funds via a trustee-to-trustee transfer without incurring any tax liability. The Debtor in this case elected to transfer rather than withdraw the funds. As such, these funds are still exempt under 26 U.S.C. § 408(e) of the IRC.

This Court's conclusion that the Debtor's funds in the Inherited IRAs are exempt under § 522(d)(12) is further supported by § 522(b)(4)(C). This section provides that a direct transfer from an account under section 408 of the IRC does not lose its exempt status due to such transfer. The funds at issue in this case were originally held in an IRA under 26 U.S.C. § 408. Upon the owner's death, the Debtor transferred such funds to his Inherited IRAs through a direct trustee-to-trustee transfer. According to § 522(b)(4)(C), such transfer did not negate the Debtor's ability to claim such funds as exempt under § 522(d)(12).

Based on the analysis set forth above, this Court concludes that the Debtor's Inherited IRAs are exempt under § 522(d)(12). The Trustee's objection is overruled.

_____
Paul B. Snyder
United States Bankruptcy Judge
(Dated as of Entered on Docket date above.)

MEMORANDUM DECISION - 6